IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DARRYN ROBERT BURGESS** | § | |
| | § | |
| **V.** | § | **SA-15-CA-649-RP** |
| | § | |
| **BEXAR COUNTY, TEXAS** | § | |

## DISMISSAL ORDER

  Before the Court is Plaintiff Darryn Burgess's pro se complaint under 42 U.S.C. § 1983. The Court granted Burgess leave to proceed in forma pauperis (IFP). The Court also ordered Burgess to provide a more definite statement of his claim. Burgess has responded to the Court's order. For the reasons discussed below, Burgess's complaint is dismissed.

  Under 28 U.S.C. § 1915(e)(2)(B), this Court must screen an IFP complaint and dismiss it if the Court determines the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. An action is frivolous when there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under the federal rules, a plaintiff need provide only a "short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Though specific facts are not necessary, "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To state a proper claim under § 1983, a plaintiff must allege that a state actor deprived the plaintiff of a constitutional right. 42 U.S.C.

§ 1983. Because Burgess is proceeding pro se, this Court is obligated to construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Burgess asserts he was denied a probable-cause hearing after being arrested without a warrant. He insists Bexar County lacks a policy to decide when persons arrested without a warrant will receive a hearing, and he believes his prolonged detention violates his rights under the Fourth and Fourteenth Amendments. Burgess is correct that he is constitutionally entitled to a determination of probable cause. In this case, contrary to his belief, that determination was made: As Burgess revealed in his response to the order for a more definite statement, on January 29, 2014, a grand jury indicted him for aggravated assault on a public servant. Because Burgess was indicted, no additional probable-cause hearing is necessary. *See Kaley v. United States*, 134 S. Ct. 1090, 1097–98 (2014) ("The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime.").

The Court concludes that Burgess's allegations in his complaint fail to state a claim. Accordingly, Burgess's complaint is **DISMISSED WITH PREJUDICE** pursuant to § 1915(e)(2)(B). It is further **ORDERED** that the Clerk shall e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on October 6, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE